## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ROD R. BLOEDOW** | * | **Case No. 3:08CV02914** |
| Plaintiff, | * | **Judge David A. Katz** |
| vs. | * | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO REASSIGN TO THE HONORABLE JUDGE ANN ALDRICH** |
| **CSX TRANSPORTATION, INC., et al.,** | * | |
| | * | |
| Defendants. | | John D. Franklin (0055359) |
| | * | R. Kevin Greenfield (0013017) |
| | | Faten A. Eidi (0083394) |
| | * | FRANKLIN & GREENFIELD, LLC |
| | | 420 Madison Avenue, Suite 1101 |
| | * | Toledo, Ohio 43604 |
| | | 419-243-9005 (Telephone) |
| | * | 419-243-9404 (Fax) |
| | | employmentattnys@aol.com |
| | * | |
| | | Attorneys for Plaintiff, |
| | * | Rod R. Bloedow |
| *    *    *    *    *    *    * | | *    *    *    *    *    * |

**I.     FACTS:**

On February 12, 2009, the Defendants CSX Transportation, Inc. ("CSXT") and the Brotherhood of Locomotive Engineers and Trainmen ("BLET") moved this Court for an order reassigning this action to the Honorable Judge Ann Aldrich pursuant to Local Rule 3.1(b)(3). On that same day, both Defendants filed a motion under F.R.C.P 12(b)(6) asking this Court to dismiss Plaintiff's cause of action for, among other reasons, res judicata. Most of the arguments contained in Defendants' Motion to Dismiss with respect to res judicata are the same arguments they are now using to request this case be reassigned to Judge Aldrich.

Therefore, Plaintiff incorporates by reference all of its arguments in its Memorandum in Opposition to Defendants 12(b)(6) Motion related to res judicata to support its Memorandum in Opposition to this case being reassigned to Judge Aldrich.

In its Memorandum in Support, Defendants claim the present case is "nearly identical" to a case Plaintiff previously filed with this Court, captioned *Rod R. Bloedow v. CSX Transportation, Inc. et al.,* Case No. 3:02CV7338, which they refer to as *Bloedow I.* Defendants argue that Plaintiff in *Bloedow I* was represented by his present counsel, that he alleged various claims under the Railway Labor Act ("RLA"), common law claims, claims for breach of the collective bargaining agreement, breach of the duty of fair representation, breach of the settlement agreement and interference with contract. Defendants then erroneously indicate to this Court that Plaintiff's claims in *Bloedow I* are identical to his present claims. Nothing could be further than the truth.[1] The only commonality between *Bloedow I* and the present case is that Mr. Bloedow is suing the same parties and that there is a seniority issue involved. Furthermore, all of Mr. Bloedow's claims in the present case arise out of a collective bargaining agreement ("Agreement") which became effective April 25, 2007 and contained language which was not in existence during the course of *Bloedow I.*

In the new Agreement, there are provisions related directly to "revisions" of the seniority agreement and specifically designate the representatives from both the Union and the Employer who are empowered to make these revisions. Mr. Bloedow, under the terms of the new Agreement, requested BLET to adjust his seniority date, and the BLET, in writing, on March 3, 2008 sent a letter to CSXT's highest designated officer demanding the revision. It

---

[1] Bloedow has not made any claims related to the common law, breach of the settlement agreement or interference with contract.

was not until after the effective date of the new contract and the letter sent March 3, 2008 that the claims contained in the present case became ripe for litigation.

After April 25, 2007, and continuing thereafter as contained in the present Complaint, CSXT breached the Agreement and, based in part on Union hostilities as alleged in the present case, Mr. Bloedow's claim of the breach of fair representation occurred. Therefore, contrary to Defendants' arguments, Bloedow's current claims are not based on his seniority date of December 2, 1998, but instead, are based, in whole, on claims after April 25, 2007 with respect to CSXT and after March 3, 2008 with respect to the BLET.

II.     **LAW AND ARGUMENT:**

Local Rule 3.1(b)(3) provides: "Related Cases. A case may be re-assigned related to an earlier assigned case with the concurrence of both the transferee and transferor District Judges, with or without motion by counsel." However, this rule appears to only be used when there is a similarity between the issues that require review. Here, Mr. Bloedow claims there is no similarity between the issues for review and that the only commonality is the names of the parties. What Defendants appear to be attempting is to forum shop, which, as a matter of policy, has never been an accepted practice.

Furthermore, while judicial economy is a consideration, the Court should also consider the additional costs which will undoubtedly have to be incurred by Plaintiff, given the distance he would now be required to travel to comply with court orders that require his attendance, as well as an anticipated argument by Defendants that all discovery occur within the Eastern District of Ohio. The claims surrounding this case as alleged in the Complaint happened

within the jurisdiction of the Western District of Ohio and therefore many of the relevant witnesses reside in this location.

Mr. Bloedow is confident that this Court can smoothly assimilate the facts, as it has handled numerous hybrid/301 actions.

III.  CONCLUSION:

For these reasons, Mr. Bloedow respectfully requests this Court deny Defendants' Motion to Reassign and retain this case on its docket.

Respectfully submitted,

*s/John D. Franklin*
John D. Franklin

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Opposition to Defendants' Motion to Reassign to the Honorable Judge Ann was filed electronically on March 17, 2009. Notice of this filing will be sent to Todd Dawson, John B. Lewis, Michael S. Wolly, Jeffrey W. Burritt, and Harold A. Ross, Counsel for Defendants, by operation of the Court's electronic filing system.

*s/ John D. Franklin*
John D. Franklin
Attorney for Plaintiff