UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROD R. BLOEDOW**,<br><br>        Plaintiff,<br><br>vs.<br><br>**CSX TRANSPORTATION, INC.,** *et al.*,<br><br>        Defendants. | CASE NO. 3:08-CV-02914<br><br>JUDGE DAVID A. KATZ<br><br>**<u>DEFENDANT CSX TRANSPORTATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO REASSIGN THIS ACTION TO THE HONORABLE ANN ALDRICH</u>** |

      For the reasons more fully set forth in Defendant CSX Transportation, Inc.'s ("CSXT") Reply In Support of its Motion to Dismiss, the claims alleged by Plaintiff Rod R. Bloedow ("Bloedow") in this action are virtually identical to those previously litigated before Judge Ann Aldrich in *Bloedow I*. The September 6, 2007 and March 3, 2008 letters Bloedow cites in his Complaint and relies on in his Opposition to CSXT's Motion to Dismiss unequivocally demonstrate that Bloedow's claims in this action have the same factual foundations as those before Judge Aldrich in *Bloedow I*.

Judge Aldrich dealt with these parties and issues for nearly two years while she presided over *Bloedow I*. The overwhelming similarities between the two lawsuits coupled with Judge Aldrich's thorough understanding of both the facts and the law relating to this case strongly support having it reassigned to her.

Bloedow's argument that Defendants, by seeking reassignment, are attempting to forum shop is absurd. Local Rule 3.1(b)(3) exists for the very purpose of reassigning cases to the District Judge who presided over the first case filed when, as is the case here, there is commonality between the parties or great similarity between the issues that require review. Determining the similarity between *Bloedow I* and *Bloedow II* is of primary importance to the disposition of this matter, and Judge Aldrich is in the best position to make that determination after having presided over *Bloedow I*. While Defendant has no doubt this Court could review the pleadings, filings, and evidence submitted in *Bloedow I* and become equally knowledgeable, it would be a waste of judicial resources to do so.

Finally, while Bloedow also complains he personally will have a financial hardship if the case is reassigned, any such increased financial burden is dwarfed by the unnecessary costs he has imposed on this Court and inflicted on the Defendants by bringing the same time-barred and adjudicated claims he previously brought in *Bloedow I*. Accordingly, Defendant CSX Transportation, Inc. respectfully moves this Court, upon agreement from both Judges, to reassign this case to the Honorable Ann Aldrich.

Counsel for Defendant Brotherhood of Locomotive Engineers and Trainmen has advised that BLET concurs in this Reply.

Respectfully submitted,

*/s/ John B. Lewis*
John B. Lewis (0013156)
jlewis@bakerlaw.com
Todd Dawson
tdawson@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
(216) 621-0200
(216) 696-0740 (Facsimile)

Attorneys for Defendant CSX Transportation, Inc.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on March 31, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

              */s/ John B. Lewis*
              One of the Attorneys for Defendant
              CSX Transportation, Inc.

080221, 000082, 502353022